## Hartman v. Pullman Company.

*Railroads—Sleeping-car companies—Loss of property in sleeper.*

The mere loss of property from a berth or stateroom of a sleeping-car while the passenger has gone to the dressing-room of the car will not impose liability on the sleeping-car company in the absence of evidence of any specific negligent act or breach of duty on the part of the company or its employees.

Statutory demurrer. C. P. Blair Co., June T., 1927, No. 11.

*Robert W. Smith*, for plaintiff; *Oliver H. Hewit*, for defendant.

HARE, P. J., Dec. 29, 1927.—In the affidavit of defense filed, the defendant insists that the plaintiff is not entitled to have his cause submitted to a jury, because (1) the statement of claim does not contain any averments of fact convicting the defendant of negligence, requiring it to respond in damages;

and (2) under his own averments, the plaintiff is barred by his contributory negligence.

The object of the suit is to recover the value of certain property alleged to have been stolen from the plaintiff while a passenger on a Pullman sleeping-car. According to the statement, the plaintiff was a passenger on the Pullman car "Fort Strong," *en route* between West Yellowstone and Ogden, Utah. He had with him a watch, chain and Masonic badge. Upon retiring at night, he placed these articles for safekeeping under the pillow of his berth. Upon arising in the morning, the plaintiff repaired to the dressing-room of the car. Upon his return he discovered that the porter had made up his berth and placed it in condition for day travel. He then discovered that the watch, chain and charm were missing. He immediately informed the porter of the loss and demanded restitution, and also made similar demands upon the conductor. He complains that, notwithstanding such demands upon both the conductor and the porter, they did not make any search or investigation to ascertain the cause of the loss or compel the return of the missing articles.

The cause of action, as here stated, is one calling for the application of the principles of law established in the case of Springer *v.* Pullman Co., 234 Pa. 172. In that case, Mr. Justice Stewart, speaking for the court, said that "mere proof of loss of baggage which is taken by a passenger into a sleeping-car does not make out an absolute or *prima facie* case of liability against the car company. In applying this rule, the court, in Mathis *v.* Off, 8 D. & C. 6, said: "Negligence involves fault, and without fault, except in the instance of innkeepers, carrier of goods or some other similar relation, there is no liability. Thus, neither a sleeping-car company (Springer *v.* Pullman Co., 234 Pa. 172) nor a steamboat furnishing sleeping accommodations (Steamship Co. *v.* Bryan, 83 Pa. 446) is responsible for the loss of a passenger's goods, unless caused by negligence; the mere loss of goods from a berth or state-room is no evidence of neglect."

What negligence is averred on the part of the company? It is not alleged in the statement of claim that the porter or any other person in the car stole the articles in question. The plaintiff would have us infer want of care and diligence on the part of the company, because, after the plaintiff left the berth and retired to the dressing-room, the porter took charge of it for the purpose of preparing it for day travel, and that upon plaintiff's return from the dressing-room he found the berth made up for the day and discovered the watch, chain and charm missing. The statement does not inform us whether the porter was at the berth at the time the plaintiff left it or that he was there when the plaintiff returned. Of course, if there was actual delivery of the possession of the property to the porter, as an employee of the company, or if the porter, as an employee, had actual and continuous possession of the berth from the instant the plaintiff left it until he returned, a different situation would be here presented. But as the plaintiff has laid his cause of action in his statement, we do not discover any averment of any specific negligent act or breach of duty on the part of the company which has any relation to the loss or which may be said to be the proximate cause thereof.

The question of law raised in the first paragraph of the statutory demurrer is resolved in favor of the defendant, and the demurrer is sustained, with leave to the plaintiff to file an amended statement of claim within fifteen days. If an amended statement be not filed within that time, judgment will be entered for the **defendant.**